CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

MAY 14 2007

JOHN F. CORCORAN, CLERK
BY: /s/ L. Brugh
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| PHILLIP A. STONE, )<br>Petitioner, ) | Civil Action No. 7:07-cv-00223 |
| v. ) | **MEMORANDUM OPINION** |
| WARDEN G.M. HINKLE, )<br>Respondent. ) | By: Samuel G. Wilson<br>United States District Judge |

Petitioner Phillip A. Stone, a Virginia inmate proceeding <u>pro se</u>, has filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2004 conviction and 18-year sentence by the Campbell County Circuit Court for aggravated sexual battery and indecent liberties with a child. Stone alleges the that his plea was involuntary, that his sentence is illegal, and that counsel provided ineffective assistance. The court finds that Stone's petition is untimely and that there are no grounds for equitable tolling and, therefore, dismisses his petition.

I.

On January 20, 2004, Stone pled guilty in the Circuit Court of Campbell County, Virginia to charges of aggravated sexual battery and indecent liberties with a child. On April 7, 2004, the court sentenced Stone to 18 years incarceration. According to Stone, on or about April 14, 2004, his court appointed attorney came to visit him at the jail. During their meeting, Stone told his attorney that he wanted to appeal his sentence and instructed counsel to file a notice of appeal. By Stone's own account, his attorney responded "that 'there was nothing else that could be done,' said good luck to me, and abandoned my case without filing any notice or appeal on my behalf . . . ." Well over one year later, Stone filed a state habeas corpus proceeding in the Supreme Court of Virginia either in November 2005 or on December 15, 2005.[1] The Supreme Court of Virginia dismissed his petition on March 20,

---

[1] In his federal habeas petition, Stone states that he filed his state habeas on "November 2005/December 15, 2005." However, based on information available from the Supreme Court of Virginia's online docket, it appears that his habeas petition was filed December 15, 2005. <u>See</u> http://www.courts.state.va.us/caseinfo/home.html.

2007. In the interim, it also appears that Stone filed a state habeas petition in the Campbell County Circuit Court, which was decided on October 16, 2006. Stone filed his federal habeas petition on April 9, 2007, claiming that his plea was involuntary, that the trial court exceeded its authority in sentencing him, that his sentence constitutes cruel and unusual punishment, and several grounds of ineffective assistance of counsel, including counsel's failure to subpoena character witnesses, file a motion for discovery, properly investigate the case, and to file an appeal after Stone requested.

## II.

A one-year statute of limitations applies when a person in custody pursuant to the judgment of a state court files a federal petition for a writ of habeas corpus. 28 U.S.C. § 2244(d).[2] Stone did not meet this one-year statute of limitations. Stone had 365 days from May 7, 2004, the date on which his conviction became final, to file his federal habeas petition. Stone did not meet this May 9, 2005

---

[2] Under 28 U.S.C. §2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ["AEDPA"] on April 24, 1996, a federal petition for writ of habeas corpus must be brought within one year from the latest of the following:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A - D). Here, Stone has alleged nothing to support the application of § 2244(d)(1)(B - C). Under § 2244(d)(1)(A), Stone's conviction became final on May 7, 2004, 30 days after his conviction because he did not appeal. Under § 2244(d)(1)(D), the statute of limitations on his claim began to run on April 14, 2004, the date on which he met with his attorney and his attorney told him that he would not file an appeal on Stone's behalf. Accordingly, as the May 7, 2007 date is the "latest" date, the court finds that the clock began to run then.

2

deadline;[3] in fact, by that date, Stone had yet to file his state habeas petition.[4] Accordingly, Stone's petition is barred unless he demonstrates grounds for equitable tolling of the one-year statute of limitations.[5] Stone has made no such demonstration. With regard to timeliness, the only argument that Stone makes is that "the one-year state of limitation[s] should not be applicable in this matter due to petitioner being denied his right to first appeal." However, Stone concedes that his attorney told him he would not file an appeal and, therefore, the court finds that Stone's untimely filing of his petition was caused, at most, by his lack of due diligence, which does not warrant application of the equitable tolling doctrine. See Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 618 (3rd Cir. 1998) (holding that, for equitable tolling to apply, petitioner must show that he exercised reasonable diligence in bringing or investigating the claims). Accordingly, the court finds that Stone has not demonstrated any grounds for to equitable tolling.

### III.

For the foregoing reasons, the court dismisses Stone's petition as untimely.

ENTER: This 14th day of May, 2007.

United States District Judge

---

[3] 365 days would actually fall on May 7, 2005; however, that is a Saturday. Pursuant to Rule 6 of the Fed. R. Civ. P., his petition would have been timely filed if submitted to the court by no later than May 9, 2007.

[4] Stone's one-year clock had already run by the time he filed his state habeas petition; therefore, his state petition afforded Coleman no tolling under § 2244(d)(2).

[5] A petitioner must demonstrate either the timeliness of his petition pursuant to § 2244(d) or that the principle of equitable tolling applies in his case. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutcherson, 209 F.3d 325 (4th Cir. 2000). Otherwise, an untimely petition must be dismissed by a federal district court. 28 U.S.C. § 2244(d)(1)(A)-(D). A district court may apply equitable tolling only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d. 238, 246 (4th Cir. 2003) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). The petitioner must demonstrate that some action by the respondent or "some other extraordinary circumstance beyond his control" prevented him from complying with the statutory time limit, despite his exercise of "reasonable diligence in investigating and bringing the claims." Harris, 209 F.3d at 330 (citing Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 617 (3d Cir. 1998)).